## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

REGINA POE,                               :
                                          :
                    Plaintiff.            :
                                          :   CIVIL ACTION NO.
          v.                              :
                                          :
LANDEX MANAGEMENT d/b/a                   :
WINNCOMPANIES,                            :
                                          :
                                          :
                    Defendant.            :

## NOTICE OF REMOVAL FROM STATE COURT

**PLEASE TAKE NOTICE** that Defendant Winn Management Group LLC

("Winn") incorrectly identified in the Complaint as Landex Management d/b/a

WinnCompanies hereby respectfully removes the above-captioned matter from the

Court of Common Pleas of Dauphin County to the United States District Court for

the Middle District of Pennsylvania, pursuant to 28 U.S.C. §§1441 and 1446.  The

grounds for removal are as follows:

**I.     Proceedings to Date.**

1.     On or about August 23, 2021, Plaintiff filed a Complaint in the Court

of Common Pleas of Dauphin County captioned *Regina Poe v. Landex Management

d/b/a WinnCompanies*, Docket No. 2021-cv-7387.  Pursuant to 28 U.S.C. §1446(a),

copies of the Notice to Plead and Complaint addressed to Winn, which constitute all process, pleadings, and orders received by or otherwise known to Winn in this action, are attached hereto as Exhibit A.

2.      On or about October 27, 2021, Winn was served with the Complaint described in paragraph 1.

3.      WinnCompanies, Inc. is not a legal entity.  Declaration of Catherine Dunning ("Dunning Decl.") ¶ 3, attached hereto as Exhibit B.

4.      Landex Management is not doing business as WinnCompanies Dunning Decl. ¶ 7.

## II.     Grounds for Removal.

### A.      Complete Diversity of Citizenship Exists Between Plaintiff Regina Poe and Defendant Winn.

#### a. Citizenship of Plaintiff

5.      For diversity purposes, a person is a "citizen" of the state in which he is domiciled.  28 U.S.C. § 1332 (a)(1); *Swiger v. Alleghany Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (a person is considered a citizen of the state of his or her residence).  Plaintiff Poe alleges in her State Complaint that she resides at "220 Evans Avenue, Apartment F, Harrisburg, Pennsylvania." Compl. ¶ 1. Nothing in the State Complaint suggests otherwise.  Accordingly, Plaintiff Poe is domiciled in and is a citizen of the State of Pennsylvania.

### b. Citizenship of Defendant

6.      For diversity purposes, the citizenship of a limited liability company is the citizenship of its members. *Master v. Quiznos Franchise Co.*, 2007 WL 419287 (D.N.J. Feb. 1, 2007).

7.      Defendant Winn is a Massachusetts limited liability company. Dunning Decl. ¶ 4. Therefore, Winn's citizenship is determined by examining the corporate citizenship of its members.

8.      The sole member of Winn is Six Faneuil Hall Business Interests Trust, a business trust, duly organized and validly existing under and pursuant to the laws of the state of Massachusetts. Dunning Decl. ¶ 6. Its trustee resides in Boston, Massachusetts. *Id.*

9.      For diversity purposes, a corporation is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The phrase "principal place of business" "refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). This is the corporation's "nerve center." Id. at 1181. "[I]n practice [this] should normally be the place where the corporation maintains its headquarters." *Id.* at 93.

10.     Here, Defendant Winn is presently, and was at the time of the

commencement of this suit, a citizen of the state of Massachusetts as provided in 28

U.S.C. § 1332(c) because Winn Management Group LLC was and is a limited

liability company duly organized and validly existing under and pursuant to the laws

of the state of Massachusetts, its sole member is a business trust organized and

validly existing under and pursuant to the laws of the state of Massachusetts, whose

trustee is a resident of Massachusetts.  Dunning Decl. ¶ 4-6.

11.     Additionally, at the time this action was filed and at the time this Notice

of Removal was filed, Winn's principal place of business is, and was, located in

Boston, Massachusetts.  Dunning Decl. ¶ 5.  Specifically, its corporate headquarters

is located in Boston, Massachusetts, and its executive, operational and

administrative functions are primarily carried out at its corporate headquarters in

Boston, Massachusetts, which is considered its home office. ¶ 5.  Accordingly,

Boston, Massachusetts is Winn's principal place of business.

12.     Although Landex Management LLC is not the correct named

Defendant, there is still complete diversity because Landex Management LLC is

presently, and at the time of the commencement of this suit, a citizen of the state of

Maryland and Delaware as provided in 28 U.S.C. § 1332(c) because Landex

Management LLC was and is a limited liability company duly organized and validly

existing under and pursuant to the laws of the state of Maryland, its sole member,

4

WR MD LLC, is a limited liability company organized and validly existing under and pursuant to the laws of the state of Delaware with a principal place of business in Boston, Massachusetts.  Dunning Decl. ¶ 8, 10 and 11.

13.     Landex Management LLC's principal place of business is located in Linthicum, Maryland, and its executive, operation and administrative functions are primarily carried out at its corporate headquarters in Linthicum, Maryland, which is considered its home office.  Dunning Decl. ¶ 9.

14.     Complete diversity of citizenship exists here because Plaintiff is a Pennsylvania citizen whereas Defendant Winn Management Group LLC is a citizen of a different state, Landex Management LLC is a citizen of a different state and WinnCompanies is not a legal entity.

**B.     The Amount in Controversy Requirement is Satisfied.**

15.     Diversity jurisdiction exists where the parties are diverse of citizenship and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. §1332(a).

16.     Plaintiff Poe alleges in her State Court Complaint damages that exceed $75,000.  *See,* Compl. "Wherefore Clause."  Because "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy," the amount in controversy here is deemed to be over $75,000.  *See* 28 U.S.C. §1446(c)(2).

17.     Accordingly, based on the allegations in Plaintiff's complaint and the relief sought by Plaintiff, her alleged damages easily exceed the minimum threshold of $75,000.

## IV.     Venue.

18.     This action is currently pending in the Court of Common Pleas of Dauphin County, which is within this judicial district and division. 28 U.S.C. §118(b).  This Court is accordingly the proper venue for removal.

## V.     Timeliness.

19.     Winn first received notice of the Complaint on or about October 27, 2021.

20.     Therefore, this Notice of Removal is being filed within the 30-day period prescribed by 28 U.S.C. §1446.

## VI.     Removal is Subject to a Liberal Pleading Standard

21.     A notice of removal is subject to the pleading standards of Rule 8. In 2014, the U.S. Supreme Court held that notices of removal are subject to the same general pleading standards applicable to complaints pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, and that accordingly such notices need not attach evidence or meet a burden of proof, but rather need only contain a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551-554 (2014) (quoting 28 U.S.C. § 1446(a)).

## VI.  Notice

22.  Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal shall be promptly served upon Plaintiff's counsel and promptly filed with the clerk of the Common Pleas of Dauphin County.

## VII.  Consent to Remove

23.  This notice of removal is filed on behalf of the only named Defendant.

## VIII.  Conclusion

24.  For the foregoing reasons, Winn hereby removes this action from state court to this Court.

25.  By filing this Notice of Removal, Winn does not waive any defense whatsoever.

Respectfully submitted,

**FISHER & PHILLIPS LLP**

Dated:  November 16, 2021

By:  *s/ Raeann Burgo*

Raeann Burgo, Esquire
(PA 85515)
Six PPG Place
Suite 830
Pittsburgh, PA 15222
Telephone (412) 822-6630
Facsimile (412) 774-6101
rburgo@fisherphillips.com

Roger Grimaldi, Esquire
(PA 49516)
Two Logan Square, 12th Floor
100 N. 18th Street
Philadelphia, PA 19103
Telephone (610) 230-2150
Facsimile (610) 230-2151
rgrimaldi@fisherphillips.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I, Raeann Burgo, Esquire, hereby certify that on November 16, 2021, I electronically filed the foregoing Notice of Removal from State Court with the Clerk of the Court using the CM/ECF system and served counsel of record via email and U.S. Mail as follows:

> Graham F. Baird, Esquire
> Law Offices of Eric A. Shire
> Two Penn Center, Suite 1240
> 1500 John F. Kennedy Blvd.
> Philadelphia, PA 19102
> Tel: (267) 546-0131
> GrahamB@ericshore.com
>
> *Attorneys for Plaintiff*

*s/ Raeann Burgo*
Raeann Burgo
