# Exhibit A

Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

DAUPHIN COUNTY _____ County

| For Prothonotary Use Only: |
| --- |
| Docket No: 2021 CV 7387 CV |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**Commencement of Action:**
- [✓] Complaint
- [ ] Writ of Summons
- [ ] Transfer from Another Jurisdiction
- [ ] Petition
- [ ] Declaration of Taking

| Lead Plaintiff's Name: **Regina Poe** | Lead Defendant's Name: **Landex Management** |
| --- | --- |

| Are money damages requested? [✓] Yes [ ] No | Dollar Amount Requested: (check one) | [ ] within arbitration limits [✓] outside arbitration limits |
| --- | --- | --- |

| Is this a *Class Action Suit?* [ ] Yes [✓] No | Is this an *MDJ Appeal?* [ ] Yes [✓] No |
| --- | --- |

Name of Plaintiff/Appellant's Attorney: Graham F. Baird, Esq.

[ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE.* If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [ ] Other: _____

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other: _____

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other
- _____
- [✓] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other
- _____
- [ ] Other: _____

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other: _____

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other
- _____
- [ ] Zoning Board
- [ ] Other: _____

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other: _____

*Updated 1/1/2011*

Graham F. Baird, Esquire
Attorney Identification No: 92692
**LAW OFFICES OF ERIC A. SHORE**
Two Penn Center
1500 JFK Boulevard, Ste. 1240
Philadelphia, PA 19102
(267) 546-0131
Attorney for Plaintiff, Regina Poe

**MAJOR JURY**
**ASSESSMENT OF DAMAGES**
**HEARING REQUIRED**

---

REGINA POE
220 Evans Avenue, Apartment F
Harrisburg, PA 17109

      Plaintiff,

      v.

LANDEX MANAGEMENT d/b/a
WINNCOMPANIES
6 Faneuil Hall Marketplace
Boston, MA 02109

      Defendants

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

DAUPHIN COUNTY
COURT OF COMMON PLEAS

No. 2021 CV 7287 CV

---

**NOTICE**

    YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed against you by the Court without you, and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

        Dauphin County Bar Association Lawyer Referral Service
                213 North Front Street
                 Harrisburg, PA 17101
                  717-232-7536

Graham F. Baird, Esquire
Attorney Identification No: 92692
**LAW OFFICES OF ERIC A. SHORE**
Two Penn Center
1500 JFK Boulevard, Ste. 1240
Philadelphia, PA 19102
(267) 546-0131
Attorney for Plaintiff, Regina Poe

**MAJOR JURY**
**ASSESSMENT OF DAMAGES**
**HEARING REQUIRED**

---

REGINA POE
220 Evans Avenue, Apartment F
Harrisburg, PA 17109

        Plaintiff,

        v.

LANDEX MANAGEMENT d/b/a
WINNCOMPANIES
6 Faneuil Hall Marketplace
Boston, MA 02109

        Defendants

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

DAUPHIN COUNTY
COURT OF COMMON PLEAS

No. 2021 CV 7387 CV

---

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

    1.    Plaintiff, REGINA POE (hereinafter "Plaintiff") is an adult individual residing at the above address.

    2.    Defendant, LANDEX MANAGEMENT, LLC d/b/a WINNCOMPANIES (hereinafter "Defendant") is a business corporation organized and existing under the laws of the State of Massachusetts with a principal place of business at the address captioned above.

    3.    At all times material hereto, Defendant employed Plaintiff at its Governer's Square Apartments location at 2018 N. 5th Street, Harrisburg, Pennsylvania location and qualified as Plaintiff's employer under the Pennsylvania Human Relations Act ("PHRA").

4.      Plaintiff exhausted her administrative remedies pursuant to the Pennsylvania Human Relations Act. (See Exhibit A, a true and correct copy of a dismissal and notice of rights issued by the Pennsylvania Human Relations Commission.)

5.      This action is instituted pursuant to the Pennsylvania Human Relations Act and applicable federal and state law.

6.      This Honorable Court has subject matter jurisdiction over this lawsuit.

7.      Venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working for Defendant in the Twelfth Judicial District of Pennsylvania (Dauphin County) at the time of the illegal actions by Defendant as set forth herein.

**II. Operative Facts.**

8.      Plaintiff is an African-American woman.

9.      On or about December 5, 2018, Defendant hired Plaintiff as a leasing consultant, working primarily for their Governer's Square Apartments location at 2018 N. 5th Street, Harrisburg, PA 17110.

10.      On or about December 13, 2018, Plaintiff arrived for her first day of work.

11.      Aside from one temporary employee, upon information and belief, Plaintiff was the only African-American employee at Defendant's Governer's Square Apartments location.

12.      Upon arriving for her scheduling shift, Plaintiff, who had worn long, straight hair extensions to her interview and who had subsequently changed her hairstyle to a curly one, noticed Defendant's Assistant Property Manager, Kristy Wissler, staring at her hair in shock.

13.     Additionally, when Plaintiff was being introduced to Defendant's Regional Manager, Wendy Smith, Plaintiff observed Ms. Wissler motioning to Plaintiff's hair behind her back.

14.     Later that same day, Ms. Wissler shows Plaintiff an internet meme showing a man at a KKK rally, which made Plaintiff extremely uncomfortable.

15.     In the following days, Plaintiff observed Ms. Wissler and Defendant's Property Manager, Rachel Landeros, making derogatory statements toward African-Americans.

16.     Plaintiff witnessed Ms. Wissler and Ms. Landeros stating that they didn't like "dark-skinned Blacks and African Blacks."

17.     On another occasion, Plaintiff observed a tenant, who is a man with dark skin, come into the leasing office.

18.     When he had finished his business and left the office, Ms. Wissler and Ms. Landeros made "gagging" motions; additionally stating that it was "rude of them" to do so but that they couldn't help it because he was "just so black."

19.     Plaintiff additionally witnessed Ms. Wissler and Ms. Landeros discussing the few previous African-American employees that Defendant had, and how they had made sure to get those employees fired.

20.     Despite this, Plaintiff was still performing her job to the best of her ability.

21.     However, Plaintiff, who had made different bins for different levels of her work, began to notice that her files that were marked as "complete and ready for submission" were being removed from her bins and being submitted by Ms. Wissler and Ms. Landeros instead, so that Plaintiff was not being credited.

22.     Defendant, by and through their employees, never properly trained Plaintiff on the submission process in an effort to ensure she would not be able to submit her completed files on her own.

23.     Ms. Wissler and Ms. Landeros additionally refused to train Plaintiff, and instead brought another leasing agent in from one of Defendant's other locations to train Plaintiff, despite that location using a completely different leasing system.

24.     Plaintiff was also being instructed to perform tasks against procedure and compliance, such as not stamping Defendant's information on money orders when received, although Plaintiff refused to follow this directive and followed the correct procedure.

25.     Plaintiff also noticed that when Caucasian prospective tenants would come to the leasing office, Defendant would provide them with tours and offered better apartments.

26.     Plaintiff also noticed that these Caucasian prospective tenants would be guided such that they would not be walked by Plaintiff's desk.

27.     On or about January 25, 2019, Plaintiff had a review which was overall positive.

28.     On the following Monday, Plaintiff was summoned to a meeting with Ms. Landeros, who stated they were "continuing their conversation" from the previous Friday, and indicated Plaintiff was being placed on a performance improvement plan ("PIP").

29.     Ms. Landeros additionally stated that if Plaintiff's performance did not improve by the end of the probationary period, then they would have to terminate Plaintiff's employment with Defendant.

30.     During this meeting, however, Ms. Landeros stated that she did admit she had not been available to properly train Plaintiff.

31.     Plaintiff was placed on a PIP extending until April 15, 2019.

32.     In or around mid-February of 2019, Plaintiff was told there was "mandatory overtime", and she was required to work on Saturdays.

33.     Plaintiff had never worked on Saturday prior, nor was she ever required to work on a Saturday after, and the "mandatory overtime" was never brought up again.

34.     Following this, Plaintiff made a complaint to Defendant's Human Resources department of the racial discrimination, hostile work environment, and disparate treatment she was being subjected to.

35.     On or about February 26, 2019, Plaintiff spoke with Defendant's Human Resources representative Christine Varney, who stated she was going to investigate.

36.     Ms. Varney additionally instructed Plaintiff to take a few days off, so she did not face any "backlash or retaliation."

37.     As a result, Defendant's Regional Manager, Wendy Smith, instructed Ms. Wissler to apologize to Plaintiff in her presence.

38.     Following this, Plaintiff observed that Ms. Wissler and Ms. Landeros would close their door immediately upon Plaintiff arriving at work.

39.     Additionally, Ms. Wissler and Ms. Landeros refused to answer the door when Plaintiff would knock, forcing Plaintiff to instead call their extensions, which they also often refused to answer.

40.     During one of Plaintiff's shifts, Defendant's Branch Manager, Susan was on site.

41.     Plaintiff had previously sent several emails to Ms. Landeros regarding a prospective tenant's move-in, and was given approval by Ms. Landeros for this tenant's move-in to happen that day.

42.    Plaintiff provided the keys to the tenant, who promptly returned to the leasing office and stated that the apartment was not ready for move-in.

43.    Ms. Landeros berated Plaintiff in front of Susan stating she had "no idea" that Plaintiff was moving anyone in.

44.    Plaintiff responded that she had the approval emails from Ms. Landeros regarding this move-in, and that as she had asked Ms. Landeros for the keys that same morning, Ms. Landeros was aware.

45.    On or about March, 26, 2019, Defendant informed Plaintiff that she was being terminated, as she was "moving too slow", that her work performance was fine but that she "could not keep up with the fast-paced environment" and additionally stated that Plaintiff "did not look happy there."

46.    During her employment, upon information and belief, Ms. Wissler and Ms. Landeros moved in approximately thirty (30) to forty (40) tenants using Plaintiff's files, but she was never credited with this work.

47.    Plaintiff's termination was motivated as a result of her race and complaints of discrimination.

48.    As a direct and proximate result of Defendant's conduct in terminating Plaintiff, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

**III.  Causes of Action.**

**COUNT I – VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
(43 P.S. § 955)**

49.    Plaintiff incorporates paragraphs 1-48 as if fully set forth at length herein.

50.    At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,, an employer may not discriminate against an employee based on race.

51.    Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

52.    Defendant is an "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

53.    Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of her race and in retaliation for her complaints of discrimination and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

54.    As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as personal injury, emotional distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

55.    Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorneys fees and court costs.

**IV. Relief Requested.**

    **WHEREFORE,** Plaintiff REGINA POE demands judgment in her favor and against Defendant, LANDEX MANAGEMENT, LLC d/b/a WINNCOMPANIES in an amount in excess of $75,000.00 together with:

    A.    Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost

benefits, lost future earning capacity, injury to reputation, mental and emotional

distress, pain and suffering

B. Punitive damages;

C. Attorneys fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: _____

**GRAHAM F. BAIRD, ESQUIRE**
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19110
Attorney for Plaintiff, Regina Poe

Date: 8/23/21

## <u>VERIFICATION</u>

I, Regina Poe, verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief.

I understand that false statements herein made are subject to penalty of law, relating to unsworn falsification to authorities.

08/18/2021
_____
Date

Regina Poe

# EXH. A

 **pennsylvania**
HUMAN RELATIONS COMMISSION

December 04, 2020

Regina Poe
220 Evans Avenue, Apt. F
Harrisburg, PA 17109

RE:  Regina Poe Vs. Landex Management, LLC d/b/a WinnCompanies
     Case No. 201902110
     EEOC No. 17F202061293

Dear Regina Poe,

It has been one year since you filed your complaint with the Pennsylvania Human Relations Commission. This is to notify you that you now have the right to bring an action in the appropriate Pennsylvania Court of Common Pleas based on the alleged violations of the PHRAct contained in your Commission complaint. This right is provided under Section 12(c) of the Human Relations Act, 43, P.S. § 962(c).

Please be advised that you are not required to file such an action in the State Court of Common Pleas. The Commission is continuing to process your case, and we will make every effort to resolve it as soon as possible. If we are not notified otherwise, we will assume that you want the Commission to continue handling your case.

If you do file a complaint in a Court of Common Pleas, the Commission will dismiss your complaint. This means that you will be unable to have the Commission decide your case even if your complaint is dismissed in State Court because of a procedural error. Procedural errors may include filing the complaint in State Court in the wrong county or filing in State Court after your time to file has expired. For this reason, you should make every effort to assure that any complaint you file in State Court will be properly filed before you file it.

If you believe you might want to take your case to State Court, we suggest that you consult a private attorney about representing you in that action. This should be done before you file the complaint so that your attorney may advise you on the best course of action for you to take.

Should you file a complaint in State Court, you are required by Section 12(c)(2) of the PHRAct to serve the Human Relations Commission with a copy of the Court complaint. This copy must be served on the Commission at the same time you file it in Court. The copy is to be sent to:
          Chief Counsel
          Pennsylvania Human Relations Commission Executive Offices
          333 Market Street, 8th Floor
          Harrisburg, PA 17104-2210
If you have any questions concerning this matter, please feel free to contact the investigator who is handling your case.

Very Truly yours,

Jinada Rochelle
Enforcement Office
cc: Graham F. Baird, Esq.

91 7108 2133 3935 1550 0152

Landex Management d/b/a WinnCompanies
One Washington Mall, Suite 500
Boston, MA 02108

FIRST-CLASS



02.7H
0001349576
MAILED FROM ZIP CODE 0

US POSTA
$ 005.

PITNEY BOWES

# Exhibit B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

REGINA POE,                            :
                                       :
                    Plaintiff.         :
                                       :    CIVIL ACTION NO.
        v.                             :
                                       :
LANDEX MANAGEMENT d/b/a                :
WINNCOMPANIES,                         :
                                       :
                                       :
                    Defendant.         :

## DECLARATION OF CATHERINE DUNNING

I, Catherine Dunning, declare as follows:

1.      I am over 18 years of age and not a party to the above-captioned action. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify competently regarding these facts.

2.      I am currently employed by Winn Management Group LLC as Corporate Counsel.  I have held this position since approximately 2012.

3.      WinnCompanies, Inc. is not a legal entity to the best of my current knowledge.  It is not a legal entity affiliated with Winn Management Group LLC or its related entities.

4.     Winn Management Group LLC is a limited liability company duly organized and validly existing under and pursuant to the laws of the state of Massachusetts.

5.     Winn Management Group LLC's principal place of business is located in Boston, Massachusetts. Its corporate headquarters is located in Boston, Massachusetts, and its executive, operational and administrative functions are primarily carried out at its corporate headquarters in Boston, Massachusetts, which is considered its home office. Winn Management Group LLC is the common paymaster for the organization known as WinnCompanies.

6.     The sole member of Winn Management Group LLC is Six Faneuil Hall Business Interests Trust, a business trust, duly organized and validly existing under and pursuant to the laws of the state of Massachusetts. Its trustee resides in Boston, Massachusetts.

7.     Landex Management LLC is not doing business as WinnCompanies.

8.     Landex Management LLC is a limited liability company duly organized and validly existing under and pursuant to the laws of the state of Maryland.

9.     Landex Management LLC's principal place of business is located in Linthicum, Maryland, and its executive, operation and administrative functions are primarily carried out at its corporate headquarters in Linthicum, Maryland, which is considered its home office.

10.    The sole member of Landex Management LLC is WR MD LLC, duly organized and validly existing under and pursuant to the laws of the state of Delaware.

11.    WR MD LLC's principal place of business is located in Boston, Massachusetts. Its corporate headquarters is located in Boston, Massachusetts, and its executive, operational and administrative functions are primarily carried out at its corporate headquarters in Boston, Massachusetts, which is considered its home office.

I declare under the laws of the State of Massachusetts and the United States of America that the foregoing is true and correct.

Executed on November 16, 2021 in Suffolk County, Massachusetts.


Catherine Dunning
Declarant

FP 42243972.3